IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTOR J. BENNETT and
JENNIFER BENNETT, his wife,   Civil Action No.   3:23-cv-142

    Plaintiffs   **COMPLAINT IN CIVIL ACTION**

v.

TEREX CORPORATION and
TEREX ADVANCE MIXER, INC.,
subsidiary of Terex Corporation,

    Defendants

Filed on behalf of:  Plaintiff

Counsel of Record for this Party:
Christopher R. Jancula, Esquire

GIEG & JANCULA, LLC
401 N. Logan Boulevard
Altoona, PA  16602

(814) 946-1606

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR J. BENNETT and<br>JENNIFER BENNETT, his wife,<br><br>Plaintiffs<br>v.<br><br>TEREX CORPORATION, and<br>TEREX ADVANCE MIXER, INC.,<br>subsidiary of Terex Corporation,<br><br>Defendant | Civil Action No.   3:23-cv-142<br><br>COMPLAINT IN CIVIL ACTION |

## **COMPLAINT IN CIVIL ACTION**

AND NOW, come the Plaintiffs, Victor J. Bennett, and Jennifer Bennett, his wife, by and through his attorney, Christopher R. Jancula, Esquire, of Gieg & Jancula, LLC, and file this Complaint in Civil Action against the Defendants, Terex Corporation, and Terex Advance Mixer, Inc., a subsidiary of Terex Corporation, averring in support thereof as follows:

1.   The Plaintiff, Victor J. Bennett, is an adult individual who resides at 629 Sprankle Avenue, Altoona, Blair County, PA 16602

2.   The Plaintiff, Jennifer Bennett, is an adult individual, the spouse of Plaintiff, Victor Bennett, and was so at the time of the incidents hereinafter complained, who resides with him at the above address.

3. The Defendant, Terex Corporation, is a corporation located at 45 Glover Avenue, 4th Floor, Norwalk, CT 06850.

4. The Defendant, Terex Advance Mixer, Inc., is a corporation located at 7727 Freedom Way, Fort Wayne, IN 46818, and is a subsidiary of Terex Corporation.

5. As evidenced by the Defendant's invoice dated May 20, 2019 (a true and correct copy of which is attached hereto as Exhibit 1 and made a part hereof by reference), the cement mixer truck which is the subject of this complaint was sold, shipped and delivered by Defendant directly to Plaintiff, Victor J. Bennett's employer, New Enterprise Stone and Lime at the employer's 8096 Woodbury Pike, Roaring Spring, PA 16673 location. As such, Defendant placed the subject truck directly into the Commonwealth of Pennsylvania with full knowledge that the truck would be used in this Commonwealth. The subject truck is identified as a model FD 4000, with VIN#: 5DG8AU4T4K0015470 and serial number 15470419 ("subject truck").

6. Additionally, Defendant and/or Defendant's parent corporation, Terex Corporation, operates and maintains a service center in Lancaster, PA, formerly in Thomasville, PA, which includes the servicing of mixer trucks.

7. As is indicated in paragraphs 1-3 above, there is complete diversity of citizenship and it is averred that the amount in controversy exceeds $75,000.00. Therefore, this court has jurisdiction under 28 U.S.C. §1332 (a)(1) and the Pennsylvania Long Arm Statute, 42 Pa.C.S.A. §5322.

8. On July 1, 2021 at approximately 2:30 p.m., Plaintiff, Victor J. Bennett, while in the course and scope of his employment as a cement mixer driver with New Enterprise Stone and Lime, was at a customer's residence on Vic Miller Road, Belsano, PA, in the process of unloading concrete from the subject truck with the use of the chute, when a hardened jam of concrete occurred in or near the hopper.

9. Plaintiff, Victor J. Bennett then climbed to the subject truck's provided platform approximately nine feet from the ground and began to attempt to dislodge the jam with a shovel in order to finish the job. When he cleared the jam, his forward momentum carried him through an unguarded gap in the platform railing near the hopper and he fell to the ground below, sustaining the injuries and damages complained hereinafter.

10. At all times relevant and material hereto, the Defendant, Terex Advance Mixer, Inc., is/was engaged in the business of designing, manufacturing, assembling, distributing, supplying and selling mixer trucks, and they designed, manufactured, assembled, distributed, supplied and sold the subject truck that injured the Plaintiff.

11. At the time that Defendant supplied the subject truck, Defendant was, with respect to the subject truck, a merchant within the meaning of Article Two of the Pennsylvania Uniform Commercial Code and the Uniform Commercial Code.

12. The Defendant's subject truck was designed, manufactured, assembled, distributed, supplied and sold for the purposes of mixing and delivering concrete to job sites and it was so being used at the time that Plaintiff was injured and damaged.

13. At all times relevant hereto, Defendant had the duty to design, manufacture, assemble, distribute, supply, sell and inspect the subject truck before distribution to the ultimate user, in a reasonable manner, such that the subject truck would be in a safe and reasonable condition and the unsafe condition of the subject truck was known, or should have been known to the Defendant in the exercise of reasonable diligence and inspection prior to Plaintiff's injuries.

14. Notwithstanding this duty, Defendant did at the times aforesaid, and for some time prior thereto, create a dangerous and defective condition in the subject truck, and/or allowed the subject truck to develop and remain in a dangerous and defective condition by failing to properly design, manufacture, assemble, repair, maintain, inspect or otherwise remedy the dangerous and defective condition of the subject truck, such that the subject truck was designed, manufactured, assembled, distributed, supplied and sold with an inadequate and defective guardrail system around the elevated platform near the hopper, in that a gap in the railing near the hopper existed of sufficient width to allow the operator to fall through it to the ground nine feet below.

15. The Defendant owed a duty of care to the Plaintiff to exercise reasonable care to make the subject truck reasonably safe for its intended and foreseeable uses, and to warn of dangerous and defective conditions existing in the subject truck, and remedy the same.

16. The above incident and the injuries and damages sustained by the Plaintiff, Victor J. Bennett, were caused solely and proximately by the wrongful conduct of the Defendant, as above and as is more particularly described hereinafter under the separate counts, and the same were due in no manner, nor to any extent, to any act or failure to so act on the part of the Plaintiff.

17. By reason of the wrongful conduct of Defendant, Terex Advance Mixer, Inc., Plaintiff, Victor J. Bennett, was hurt, wounded and bruised in that he suffered extensive external and internal injuries to the various parts of his body with resulting injuries to his muscles, tendons, ligaments, cartilages, nerves, nerve roots and bone structures thereof. He suffered shock of both an organic and functional character resulting in permanent damage and a change in personality. He sustained injuries to his cervical, thoracic and lumbar spine, his sacrum and pelvis with resulting injuries to the muscles, tendons, ligaments, cartilages, nerves, nerve roots and bone structures thereof. More specifically, he suffered fractures of his sacrum and pelvis, cervical and lumbar sprains/strains, lumbar and lumbosacral intervertebral disc injuries, aggravation/worsening of lumbar and lumbosacral intervertebral degenerative disc disease, bilateral lumbar radiculopathy into both legs and the testicles, bilateral pars defect, chronic neck

pain, chronic low back pain and L5-S1 spondylolisthesis. These injuries have caused and/or aggravated pre-existing and/or arthritic conditions. All of these injuries are believed to be permanent in nature.

18. By reason of the aforesaid wrongful conduct of the Defendant, and the resulting injuries, the Plaintiff, Victor J. Bennett, has been damaged as follows:

   a. He has suffered and will suffer great pain, inconvenience, embarrassment, mental anguish and humiliation;

   b. His general health, strength and vitality have been impaired;

   c. He has been obliged to expend large sums of money for medical attention, hospitalization, medications and medical apparatus in an endeavor to treat and cure his injuries and he will be obliged to make such expenditures for an indefinite time in the future; and

   d. He has suffered a severe loss of earnings and his earning power has been permanently reduced and impaired.

## COUNT ONE
### Plaintiff, Victor J. Bennett
### v.
### Defendant, Terex Corporation
### NEGLIGENCE

19. Paragraphs 1 through 18 are hereby incorporated by reference as though the same were set forth herein at length.

20. Defendant, Terex Corporation, directly and by and through its agents, servants and/or employees, was negligent, both as aforesaid, and more particularly as follows:

a. In failing to provide adequate warnings concerning the subject truck's defective platform railing with a gap large enough to fall through (defect) and the potential injuries that can result therefrom;

b. In failing to provide adequate instructions for use of the subject truck in light of the defect and risk of injuries involved;

c. In failing to properly design, assemble and/or manufacturer the subject truck to avoid said defect and the risk of injury stemming therefrom;

d. In failing to redesign the subject truck when it knew, or should have known, of said defect and risk of such injuries;

e. In failing to recall all models of the subject truck that presented the hazard of such defect and injuries;

f. In failing to adequately inform purchasers and/or ultimate users of the risks associated with the subject truck with respect to such defect and injuries;

g. In failing to design, manufacture, assemble, distribute, supply and sell the subject truck in a manner that would reduce or eliminate the risk of such defect and injuries;

h. In failing to warn those lawfully using the subject truck such as Plaintiff, of the possibility of falling through the defective gap in the railing, and the potential of injuries which can result;

i. In failing to properly inspect and/or test the subject truck;

j. In allowing and permitting the subject truck to develop and remain in, a dangerous, unsafe and defective condition;

k. In failing to properly and adequately design, manufacture, assemble, repair, and maintain the subject truck or to otherwise remedy the defect;

l. In failing to provide adequate and/or sufficient personnel to properly inspect the Defendants' tractor and to properly design,

      manufacture, assemble, repair, maintain and/or otherwise remedy the defect;

m. In failing to take prompt action to remedy the defect after being warned of its existence;

n. In failing to take prompt action to remedy the defect when it knew or through the exercise of reasonable diligence, should have known of its existence;

o. In being inattentive to the development of the dangerous, unsafe and defective condition of the subject truck;

p. In failing to properly and periodically inspect the subject truck for the existence of said defect in order to ascertain the need for remedial measures;

q. In failing to inform the owner/user of the subject truck of the dangerous and defective condition thereof; and

r. In designing, manufacturing and selling the subject truck with an elevated platform railing that does not comply with OSHA standards in height or continuity (without a gap large enough for a person to fall through).

WHEREFORE, Plaintiff, Victor J. Bennett, demands judgment against the Defendant, Terex Corporation, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

## COUNT TWO
### Plaintiff, Victor J. Bennett
### v.
### Defendant, Terex Corporation
### STRICT LIABILITY

21. Paragraphs 1 through 20 are hereby incorporated by reference as though the same were set forth herein at length.

22. The subject truck was expected to and did reach the purchaser and/or ultimate user without substantial change in its condition.

23. At the time that the Defendant, Terex Corporation, supplied and sold the subject truck, it was in a defective condition because of its unsafe and improper design and construction; to wit; the subject truck's railing around the elevated platform was designed, manufactured and sold with a gap large enough that one using the platform as intended could fall through it and to the ground approximately nine feet below.

24. The defective condition of the subject truck was the cause of the injuries and damages sustained by the Plaintiff, Victor J. Bennett.

25. At the time of these occurrences, the subject truck had not been substantially changed from the condition in which it was supplied, sold and expected to be used.

26. Defendant, Terex Corporation, is strictly liable to the Plaintiff, Victor J. Bennett, for the injuries and damages which he suffered.

WHEREFORE, Plaintiff, Victor J. Bennett, demands judgment against the Defendant, Terex Corporation, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

## COUNT THREE
## Plaintiff, Victor J. Bennett
## v.
## Defendant, Terex Corporation
## BREACH OF WARRANTY

27. Paragraphs 1 through 26 are hereby incorporated by reference as though the same were set forth herein at length.

28. The injuries and damages to the Plaintiff, Victor J. Bennett, were caused by a breach of the implied warranty of merchantability, extended to the Plaintiff by the Defendant, Terex Corporation, in connection with the supplying and sale of the subject truck.

29. The injuries and damages to the Plaintiff, Victor J. Bennett, were caused by a breach of the implied warranties of fitness and fitness for a particular purpose extended to the Plaintiff by the Defendant, Terex Corporation, in connection with the supplying and sale of the subject truck.

30. The condition of the subject truck, as aforesaid, caused it to be unfit for its ordinary and particular purposes.

WHEREFORE, Plaintiff, Victor J. Bennett, demands judgment against the Defendant, Terex Corporation, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

## COUNT FOUR
## Plaintiff, Jennifer Bennett
## v.
## Defendant, Terex Corporation
## LOSS OF CONSORTIUM

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were set forth herein at length.

32. As a result of Defendant's carelessness and negligence resulting in the injuries to her husband, Plaintiff, Jennifer Bennett, has been deprived of the assistance of her husband, his services, his society and companionship and she will be so deprived of same in the future.

WHEREFORE, Plaintiff, Jennifer Bennett, demands judgment against the Defendant, Terex Corporation, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

## COUNT FIVE
## Plaintiff, Victor J. Bennett
## v.
## Defendant, Terex Advance Mixer, Inc.
## NEGLIGENCE

33. Paragraphs 1 through 32 are hereby incorporated by reference as though the same were set forth herein at length.

34. Defendant, Terex Advance Mixer, Inc., directly and by and through its agents, servants and/or employees, was negligent, both as aforesaid, and more particularly as follows:

a. In failing to provide adequate warnings concerning the subject truck's defective platform railing with a gap large enough to fall through (defect) and the potential injuries that can result therefrom;

b. In failing to provide adequate instructions for use of the subject truck in light of the defect and risk of injuries involved;

c. In failing to properly design, assemble and/or manufacturer the subject truck to avoid said defect and the risk of injury stemming therefrom;

d. In failing to redesign the subject truck when it knew, or should have known, of said defect and risk of such injuries;

e. In failing to recall all models of the subject truck that presented the hazard of such defect and injuries;

f. In failing to adequately inform purchasers and/or ultimate users of the risks associated with the subject truck with respect to such defect and injuries;

g. In failing to design, manufacture, assemble, distribute, supply and sell the subject truck in a manner that would reduce or eliminate the risk of such defect and injuries;

h. In failing to warn those lawfully using the subject truck such as Plaintiff, of the possibility of falling through the defective gap in the railing, and the potential of injuries which can result;

i. In failing to properly inspect and/or test the subject truck;

j. In allowing and permitting the subject truck to develop and remain in, a dangerous, unsafe and defective condition;

k. In failing to properly and adequately design, manufacture, assemble, repair, and maintain the subject truck or to otherwise remedy the defect;

l. In failing to provide adequate and/or sufficient personnel to properly inspect the Defendants' tractor and to properly design,

        manufacture, assemble, repair, maintain and/or otherwise remedy the defect;

m.    In failing to take prompt action to remedy the defect after being warned of its existence;

n.    In failing to take prompt action to remedy the defect when it knew or through the exercise of reasonable diligence, should have known of its existence;

o.    In being inattentive to the development of the dangerous, unsafe and defective condition of the subject truck;

p.    In failing to properly and periodically inspect the subject truck for the existence of said defect in order to ascertain the need for remedial measures;

q.    In failing to inform the owner/user of the subject truck of the dangerous and defective condition thereof; and

r.    In designing, manufacturing and selling the subject truck with an elevated platform railing that does not comply with OSHA standards in height or continuity (without a gap large enough for a person to fall through).

WHEREFORE, Plaintiff, Victor J. Bennett, demands judgment against the Defendant, Terex Advance Mixer, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

## COUNT SIX
### Plaintiff, Victor J. Bennett
### v.
### Defendant, Terex Advance Mixer, Inc.
### STRICT LIABILITY

35.    Paragraphs 1 through 34 are hereby incorporated by reference as though the same were set forth herein at length.

36. The subject truck was expected to and did reach the purchaser and/or ultimate user without substantial change in its condition.

37. At the time that the Defendant, Terex Advance Mixer, Inc., supplied and sold the subject truck, it was in a defective condition because of its unsafe and improper design and construction; to wit; the subject truck's railing around the elevated platform was designed, manufactured and sold with a gap large enough that one using the platform as intended could fall through it and to the ground approximately nine feet below.

38. The defective condition of the subject truck was the cause of the injuries and damages sustained by the Plaintiff, Victor J. Bennett.

39. At the time of these occurrences, the subject truck had not been substantially changed from the condition in which it was supplied, sold and expected to be used.

40. Defendant, Terex Advance Mixer, Inc., is strictly liable to the Plaintiff, Victor J. Bennett, for the injuries and damages which he suffered.

WHEREFORE, Plaintiff, Victor J. Bennett, demands judgment against the Defendant, Terex Advance Mixer, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

## COUNT SEVEN
### Plaintiff, Victor J. Bennett
### v.
### Defendant, Terex Advance Mixer, Inc.
### BREACH OF WARRANTY

41. Paragraphs 1 through 40 are hereby incorporated by reference as though the same were set forth herein at length.

42. The injuries and damages to the Plaintiff, Victor J. Bennett, were caused by a breach of the implied warranty of merchantability, extended to the Plaintiff by the Defendant, Terex Advance Mixer, Inc., in connection with the supplying and sale of the subject truck.

43. The injuries and damages to the Plaintiff, Victor J. Bennett, were caused by a breach of the implied warranties of fitness and fitness for a particular purpose extended to the Plaintiff by the Defendant, Terex Advance Mixer, Inc., in connection with the supplying and sale of the subject truck.

44. The condition of the subject truck, as aforesaid, caused it to be unfit for its ordinary and particular purposes.

WHEREFORE, Plaintiff, Victor J. Bennett, demands judgment against the Defendant, Terex Advance Mixer, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

## COUNT EIGHT
### Plaintiff, Jennifer Bennett
### v.
### Defendant, Terex Advance Mixer, Inc.
### LOSS OF CONSORTIUM

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were set forth herein at length.

46. As a result of Defendant's carelessness and negligence resulting in the injuries to her husband, Plaintiff, Jennifer Bennett, has been deprived of the assistance of her husband, his services, his society and companionship and she will be so deprived of same in the future.

WHEREFORE, Plaintiff, Jennifer Bennett, demands judgment against the Defendant, Terex Advance Mixer, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs and interest.

**A JURY TRIAL IS DEMANDED ON ALL COUNTS**

Respectfully submitted,

GIEG & JANCULA, LLC

By /s/ Christopher R. Jancula
Christopher R. Jancula, Esquire
PA I.D. No. 92880

401 N. Logan Boulevard
Altoona, PA 16602

DATED: __06/29/2023__          (814) 946-1606

## VERIFICATION

I, Victor J. Bennett, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that any false statements made herein are subject to the penalties relating to unsworn falsification to authorities.

*Victor J. Bennett*
Victor J. Bennett

Date: 6/29/2023